IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JEREMY WILLS**                                                                                                      **PLAINTIFF**

**V.**                                                                                                          **NO. 4:19CV39-DMB-JMV**

**NANCY A. BERRYHILL[1],
ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION**                                         **DEFENDANT**

## REPORT AND RECOMMENDATIONS

Pending before the Court is the Commissioner of the Social Security Administration's Motion to Dismiss [7] filed pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. The matter has been referred to the undersigned United States Magistrate Judge for issuance of a report and recommendations. And, having duly considered the motion, supporting memorandum, the record, and the applicable law, the undersigned recommends the motion be granted only in part and this action be dismissed for lack of subject-matter jurisdiction.

## I. Background

On June 5, 2019, the Commissioner filed the instant motion to dismiss [7] the Complaint pursuant to FED. R. CIV. P. 12(b)(6) on the grounds that (1) dismissal of a hearing request is not reviewable under 42 U.S.C. § 405(g), and (2) Plaintiff failed to exhaust administrative remedies before filing the instant Complaint for judicial review of alleged "final decision [of the Commissioner] denying plaintiff's claim," s*ee* Compl., ECF No. 1. The Commissioner seeks dismissal of this action with prejudice for failure to state a claim upon which relief may be granted. Def. Br. at 6, ECF No. 8. Plaintiff, who is represented by counsel, has not responded to the motion.

## II. Facts

---

[1] Andrew Saul was sworn in as Commissioner of Social Security on June 17, 2019. Pursuant to FED.R.CIV.P. 25, he is automatically substituted as the Defendant in this matter.

According to documents submitted by the Commissioner in support of his motion, Plaintiff was found disabled and entitled to benefits under Titles II (disability insurance benefits) and XVI (supplemental security income) by an administrative decision dated February 17, 2009. *See* Declaration of Cristina Prelle[2] (hereinafter "Declaration") at 2-3, Ex. 1[3]. Plaintiff was subsequently notified—by undated correspondence—that the Social Security Administration (hereinafter sometimes "the agency") had determined that Plaintiff was no longer disabled as of May 2016, and that his last disability check would be issued in July 2016. *See* Declaration at 3, Ex. 2. Plaintiff requested reconsideration of this initial determination on September 7, 2016. *See* Declaration at 3, Ex. 3.

By Notice of Reconsideration dated April 3, 2017, Plaintiff was notified that his claim had been denied by a disability hearing officer. *See* Declaration at 3, Ex. 4. The disability hearing officer's decision noted that Plaintiff did not appear for a scheduled examination and the scheduled hearing; that the evidence revealed Plaintiff's physical impairments were currently "non-severe with no significant residuals"; that his mental impairments could not be "adequately assessed due to insufficient evidence due to a failure to cooperate"; and that Plaintiff was deemed "not disabled." Plaintiff was notified he had sixty days to appeal in writing. *See* Ex. 4. He appealed this reconsideration decision on May 26, 2017. *See* Declaration at 3, Ex. 5.

The agency sent Plaintiff a Notice of Hearing, dated December 21, 2017, scheduling a hearing for March 14, 2018. *See* Declaration at 3, Ex. 6 at 1-13. However, the scheduled hearing was postponed by notice dated January 29, 2018. *See* Declaration at 3, Ex. 6 at 14.

The agency sent Plaintiff a new Notice of Hearing, dated February 14, 2018, that

---

[2] According to her Declaration, Ms. Prelle is "Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Social Security Administration" and is "responsible for processing claims under Title II of the Social Security Act, as amended, whenever a civil action has been filed in the State of Mississippi." Declaration at 1-2.

scheduled a hearing for May 3, 2018. *See* Declaration at 3, Ex. 6 at 15-27. The agency sent Plaintiff a notice of hearing reminder dated April 19, 2018. *See* Declaration at 3, Ex. 6 at 28.

Plaintiff's request for a hearing was dismissed by Administrative Law Judge (ALJ) Edwin Kerstine on May 16, 2018, because Plaintiff did not appear for the scheduled administrative hearing and the ALJ found there was no good cause for Plaintiff's failure to appear. *See* Declaration at 3, Ex. 7. ALJ Kerstine's decision noted the April 3, 2017, decision remained in effect. Ex. 7. The notice of the ALJ's decision stated Plaintiff had sixty days to file a written appeal. *Id.*

By letter to the Office of Hearings Operations dated July 12, 2018, Plaintiff's attorney, Michael McHenry, requested that the dismissal of Plaintiff's claim be vacated and a new hearing scheduled because Plaintiff "was never provided [n]otice" that a hearing had been scheduled. *See* Declaration at 3-4, Ex. 8. By notice dated July 18, 2018, the Jackson, Mississippi Office of Hearings Operations notified Plaintiff that his request to vacate the Order of Dismissal could not be granted and that Plaintiff's appeal rights were set forth in the Oder of Dismissal. *See* Declaration at 4, Ex. 9.

By letter to the Appeals Council dated July 12, 2018, Mr. McHenry indicated his desire to appeal the Notice of Dismissal and requested that the matter be remanded and set for a new hearing. *See* Declaration at 4, Ex. 10. By notice dated January 15, 2019, the Appeals Council denied Plaintiff's request for review of the ALJ's dismissal dated May 16, 2108. *See* Declaration at 4, Ex. 11.

### III. The Correct Standard for Dismissal

As an initial matter, because the Commissioner adopts a standard for dismissal that does not apply under the circumstances of this case, the Court should begin with an analysis of the

---

[3] All exhibits referenced herein are exhibits to the Declaration attached to Defendant's Brief, ECF No. 8.

proper standard.

Federal courts are "courts of limited jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)). Whether a court has jurisdiction is a question the court "is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) (quoting *Great. S. Fire Proof Hotel Co. v. Jones,* 177 U.S. 449, 453, 20 S. Ct. 690, 44 L. Ed. 842 (1900)). In this case, the Commissioner seeks dismissal of the Complaint for failure to state a claim under Rule 12(b)(6); however, the Commissioner's reliance on Rule 12(b)(6) is misplaced, and, instead, the Court's subject-matter jurisdiction is implicated for the reasons set out in the analysis section below.

*Federal Rule of Civil Procedure* 12(b)(1) governs challenges to a court's subject-matter jurisdiction. "A case is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1187 (2d Cir. 1996)). A motion to dismiss under Rule 12(b)(1) is characterized as either facial or factual. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). A facial attack is based solely upon the complaint itself, whereas "[a] 'factual attack' . . . challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (citation omitted). When examining a factual challenge to subject-matter jurisdiction under Rule 12(b)(1) that does not implicate the merits of plaintiff's cause of action,

4

as presented in this case, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case" and "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (citation omitted).

"Courts[, consequently,] may dismiss for lack of subject-matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cnty.,* 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir. 1981)). The plaintiff bears the burden of demonstrating that subject-matter jurisdiction exists. *See Paterson v. Weinberger,* 644 F.2d 521, 523 (5th Cir. 1981). A court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not necessarily prevent the plaintiff from pursuing the claim in the same forum or in another. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

### IV. Law and Analysis

Under the Social Security Act, review of decisions by the Commissioner is prohibited by 42 U.S.C. § 405(h), except as provided under the Act. 42 U.S.C. § 405(h). Specifically, judicial review of these decisions is permitted only in the limited circumstances detailed in 42 U.S.C. § 405(g). Under § 405(g), a federal district court has jurisdiction to review only a "final decision of the Commissioner of Social Security made after a hearing to which . . . [the claimant] was a party." The Supreme Court has stated that § 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary [of Health and Human Services] made after a hearing.'" *Califano v. Sanders*, 430 U.S. 99, 108 (1977). Section 405(g)

sets the terms of judicial review for both Title II ("provides old-age, survivor, and disability benefits to insured individuals irrespective of financial need") and Title XVI ("provides supplemental security income benefits 'to financially needy individuals who are aged, blind, or disabled regardless of their insured status'") claims. *Smith v. Berryhill*, 139 S. Ct. 1765, 1772 (2019) (citation omitted).

There are two prerequisites to federal court review of a Social Security claim. First, "a claim for benefits shall have been presented to the Secretary." *Mathews v. Eldridge,* 424 U.S. 319, 328-29, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). Second, "the administrative remedies prescribed by the Secretary [must] be exhausted." *Id.* These two requirements together ensure that an individual seeking federal judicial relief in a case "arising under" the Social Security Act is doing so, as Section 405(g) requires, "after any final decision of the Commissioner of Social Security made after a hearing to which he was a party." *See id*. Ultimately, while the presentment requirement is "'purely' jurisdictional" and non-waivable, the exhaustion requirement may be waived. *Id.*[4]

With respect to the exhaustion requirement, the issue here, a court typically should not review the Commissioner's decision unless the claimant has exhausted his administrative

---

[4] The administrative exhaustion requirement may be waived either by the agency under certain circumstances or by a federal court (judicial waiver) if circumstances weigh in favor of immediate review. *See Smith*, 139 S. Ct. at 1773-74 (citations omitted). *See also, e.g.*, *Eldridge,* 424 U.S. at 330-32 (court deemed exhaustion requirement waived despite claimant's failure to complete four-step exhaustion requirement where he asserted a constitutional claim collateral to his substantive claim for benefits and there was a risk of irreparable injury in the absence of prompt judicial resolution); *Bowen v. City of New York*, 476 U.S.467, 484, 106 S. Ct. 2022, 90 L. ED. 2d 462 (1986) (court exercised jurisdiction under the Act over a collateral claim based upon a clandestine policy of the agency where not all class plaintiffs had exhausted benefits claims).
  Further, the finality requirement of § 405(g) does not preclude judicial review where the claimant asserts some collateral constitutional challenge. *See Califano v. Sanders, 430 U.S. 99, 107-09 (1977). See also Vargas v. Barnhart*, No. 03-51404, 101 Fed. App'x 989, at *1 (5th Cir. 2004) (district court had jurisdiction to consider plaintiff's petition for judicial review because plaintiff raised a colorable constitutional claim).
  In this case, there has been no waiver of the exhaustion requirement by the agency, and the undersigned can discern no constitutional claim or other collateral claim in the Complaint that would warrant judicial waiver of the exhaustion requirement. Indeed, the Complaint merely indicates Plaintiff is appealing the Appeals Council's January 15, 2019, denial of his request for review of the ALJ's dismissal decision.

remedies. *See Heckler v. Ringer*, 466 U.S. 602, 627 (1984) (judicial review is not available under § 405(g) without exhausting administrative remedies); *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994) ("This court has jurisdiction to review the Secretary's final decision only where a claimant has exhausted her administrative remedies.") (citation omitted), *overruled on other grounds, Sims v. Apfel*, 530 U.S. 103 (2000).

Exhaustion of administrative remedies requires a claimant to take the following steps: (1) present a claim and receive an initial determination and, if dissatisfied, (2) request reconsideration of the initial determination and, if dissatisfied, (3) request a hearing before an administrative law judge and, if dissatisfied with the decision of the administrative law judge, (4) request review by the Appeals Council. *See* 20 C.F.R. §§ 404.900(a)(1)-(4), 416.1400(a)(1)-(4). *See also Brandyburg*, 959 F.2d at 559, n. 2 (". . . [Title II claims] are governed by 20 C.F.R. pt. 404, rather than part 416, which applies to requests for SSI. Part 404 has the same four-stage appeals process, however, and the counterparts to the provisions relevant here are essentially identical.").

"[I]f the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision." *Sims*, 530 U.S. at 106-107. However, if "the Council denies the request for review, the ALJ's opinion becomes the final decision." *Id.* at 107 (citing 20 C.F.R. §§ 404.900(a)(4)-(5), 404.955, 404.981, 422.210(a) (1999)). If the "claimant fails to request review from the Council, there is no final decision and as a result, no judicial review in most cases." *Id*. (citing 20 C.F.R. § 404.900(b); *Bowen v. City of New York*, 476 U.S. 467, 482-83 (1986)). The Commissioner's decision is final, and the claimant typically may seek federal court review only when the claimant has completed the four-step administrative review process listed above. *See* 20 C.F.R. § 404.900(a)(5).

7

In this case the Commissioner first contends (essentially) that because Plaintiff's request for a hearing on the "no longer disabled" decision was dismissed, there has been no "final decision after a hearing" as contemplated by § 405(g), and any request to reopen the claim is not reviewable by this Court. The undersigned agrees in part[5] and finds this conclusion implicates the Court's subject-matter jurisdiction.

This Court is without jurisdiction to review any claim by Plaintiff for review of the Appeals Council's decision denying his request for review of the dismissal of his request for a hearing. An ALJ may dismiss a request for a hearing under circumstances described in 20 C.F.R. § 416.1457. For example—and for our purposes here—an ALJ may dismiss a request for a hearing where neither the claimant nor his representative, without good cause, appears at a hearing after notice that their failure to appear will subject them to dismissal without further notice. *Id.* at § 416.1457(b)(1)(i). This type of dismissal is binding unless vacated by the ALJ or the Appeals Council. §§ 416.1459, 416.1460, 404.959, 404.960.

Further, while a dismissal of a hearing request by an ALJ is appealable to the Appeals Council, the Fifth Circuit has held that a dismissal by an ALJ for failure to appear at an administrative hearing is not a "final decision" made after a hearing as required under 42 U.S.C. § 405(g) and, thus, is not subject to judicial review. *See Brandyburg v. Sullivan*, 959 F.2d 555, 561 (5th Cir. 1992) (discussing dismissals in the context of an SSI application under Title XVI). Neither is denial of review by the Appeals Council of this type of decision reviewable by a federal court. *See id.* at 562.

Next, the Commissioner also argues that to the extent Plaintiff seeks judicial review of the merits of the Commissioner's decision that he is no longer disabled, the claim should also be

---

[5] Nothing in the record of this case indicates Plaintiff is asserting a claim that the agency denied some request to reopen a claim for benefits as suggested by the Commissioner.

8

dismissed with prejudice under Rule 12(b)(6) for failure to exhaust administrative remedies.

Here, there is no "final decision . . . made after a hearing" on the Commissioner's decision that Plaintiff was no longer disabled because Plaintiff's request for a hearing before an ALJ on that decision was dismissed for his failure to appear at the hearing. *But cf. generally Smith*, 139 S. Ct. 1765, (2019) (deeming Appeals Council's dismissal of a claim for untimely request for review a "final decision" under § 405(g) where merits of disability claim had been determined after a hearing before an ALJ). And, the only decision presented by Plaintiff to the Appeals Council for review in this case was the ALJ's decision to dismiss his request for hearing, a decision that is not reviewable under the facts of this case (per Fifth Circuit precedent). Therefore, because Plaintiff did not complete the four-step process for obtaining a "final decision" with respect to the "no longer disabled" determination, and the Commissioner has not waived the exhaustion requirement, this Court is without jurisdiction to review this claim. Accordingly, the Commissioner's contention that a failure to exhaust in this context subjects the complaint to dismissal *with prejudice* for failure to state a claim is misplaced.

## V. Conclusion

Therefore, unless Plaintiff can convince the Court in objections to this report and recommendations that the Complaint actually asserts some claim over which the Court has jurisdiction, it is recommended that Defendant's motion be granted in part and this case be dismissed without prejudice for lack of subject-matter jurisdiction.

The parties are referred to L. U. Civ. R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to timely file written objections to the proposed

findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 26th day of July, 2019.

/s/Jane M. Virden
UNITED STATES MAGISTRATE JUDGE