# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**JEREMY WILLS**                                                                                                       **PETITIONER**

**V.**                                                           **NO. 4:19-CV-39-DMB-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                                                         **DEFENDANT**

## ORDER OF DISMISSAL

On July 26, 2019, United States Magistrate Judge Jane M. Virden issued a report recommending that the Commissioner of Social Security's motion to dismiss for lack of exhaustion be granted to the extent it seeks dismissal for lack of subject matter jurisdiction. Doc. #9. No objections to the report were filed.

Under 28 U.S.C § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report … to which objection is made." "[W]here there is no objection, the Court need only determine whether the report and recommendation is clearly erroneous or contrary to law." *United States v. Alaniz*, 278 F. Supp. 3d 944, 948 (S.D. Tex. 2017) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)).

42 U.S.C. § 405(g) provides for district court review of a final decision from the Social Security Agency "made after a hearing." This provision "contains two separate elements: first, a jurisdictional requirement that claims be presented to the agency, and second, a waivable requirement that the administrative remedies prescribed by the Secretary be exhausted." *Smith v. Berryhill*, 139 S. Ct. 1765, 1773 (2019). Because the exhaustion requirement is waivable by definition, it is non-jurisdictional. *Escalera v. Comm'r of Soc. Sec.*, 457 F. App'x 4, n.1 (2d Cir.

2011) ("[T]he failure to exhaust is a waivable (i.e., non-jurisdictional) requirement under Section 405(g).").

There is no dispute that Wills "presented" his claim to the Social Security Agency by challenging his termination of benefits. *See Mathews v. Eldridge*, 424 U.S. 319, 329 (1976) (claim presented when plaintiff responded to termination of benefits); *Sulie v. Schweiker*, 730 F.2d 1069, 1071 (7th Cir. 1983) (claim presented based on termination of benefits). There is also no dispute that, for the reasons articulated in the July 26 report, Wills failed to exhaust his administrative remedies. Thus, dismissal is warranted for failure to state a claim, not for lack of subject matter jurisdiction. *Suarez v. Colvin*, 140 F. Supp. 3d 94, 99 (D.D.C. 2015) ("[A] motion to dismiss the complaint for failure to complete agency review is properly brought as one under Rule 12(b)(6).").

The July 26 report [9] is therefore **ACCEPTED in Part and REJECTED in Part**. It is ACCEPTED to the extent it recommends dismissal for failure to exhaust. It is REJECTED to the extent it recommends dismissal for lack of jurisdiction. The Commissioner's motion to dismiss for failure to state a claim [7] is **GRANTED**. A final judgment consistent with this order will issue separately.

**SO ORDERED**, this 21st day of August, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**